**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**DUANE J. GONDER**                                                    **PETITIONER**

**VS.**                          **CASE NO. 5:12CV00186 DPM/HDY**

**RAY HOBBS, Director of the**
**Arkansas Department of Correction**                    **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge D. P. Marshall Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Now before the Court is the application for writ of habeas corpus pursuant to 28 U.S.C. §2254 of Duane J. Gonder, who is currently in the custody of the Arkansas Department of Correction (ADC).  Mr. Gonder entered a guilty plea to first-degree murder and aggravated assault, and entered a guilty plea to the separate charge of attempting to furnish prohibited articles.  He was sentenced to a total of 552 months[1] of imprisonment for these crimes.  An Amended Judgment and Commitment Order was entered on July 26, 2010, in the Circuit Court of Drew County.  On September 27, 2010, Mr. Gonder filed a petition for reduction of sentence with the trial court, alleging that the circumstances of the crime[2] and the extreme burden on his family warranted a reduction in the sentence.  In an Order dated September 30, 2010, but filed on October 4, 2010, the trial court denied the petition for reduction of sentence.  The trial court found no merit in the second claim of Mr. Gonder, and found the first claim was a challenge to the effectiveness of his trial counsel, a claim which the trial court determined should have been raised in a Rule 37 proceeding rather than in a petition to reduce sentence.  Docket entry no. 8-4.

On October 13, 2010, the petitioner filed a Rule 37 petition with the trial court, alleging he

[1]He received a 360 month sentence for murder, a 72 month sentence for aggravated assault, and a 120 month sentence for furnishing prohibited articles, with the sentences to run consecutively.  Docket entry no. 8-2.

[2]Petitioner urged that the victim of the crime, petitioner's brother, was armed and this fact was not brought to the attention of the trial court.

received ineffective assistance of counsel when his attorney failed and refused to enter evidence that the victim had a gun and the gun was removed from the crime scene by the victim's girlfriend. Docket entry no. 8-5.  On November 23, 2010, the trial court denied Rule 37 relief, noting the petitioner's guilty pleas were given, in part, due to the reduction of the charge of capital murder to first degree murder, and the dropping of kidnapping and aggravated residential robbery charges.  As a result, the trial court concluded "Mr. Gonder's argument is not logical, as he got exactly what he agreed to and bargained for."  Docket entry no. 8-7.  Mr. Gonder appealed from the denial of his petition to reduce the sentence and from the denial of his Rule 37 petition.  The Arkansas Supreme Court consolidated the appeals and denied relief.  *Gonder v. State*, 2011 Ark. 248.

Mr. Gonder now advances the following claims for habeas corpus relief:

1.   His convictions and the sentences were imposed in violation of his right to due process;

2.   He was denied the effective assistance of counsel; and

3.   The prosecutor maliciously charged him with capital murder when the facts would not support such a charge.

The respondent argues that the petition is not timely filed, that the petition is procedurally barred, and that the petition is without merit.

**Statute of Limitations:**   The respondent contends that the statute of limitations bars consideration of these claims.  Section 101 of 28 U.S.C. 2244 (as amended) imposes a one year period of limitation on petitions for writ of habeas corpus:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

3

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent contends that the limitations period began on July 26, 2010, the date the petitioner entered his guilty pleas and continued for 62 days until the petitioner filed his petition for reduction of sentence on September 27, 2010. The limitations period was tolled, according to the respondent, until June 2, 2011, when the Arkansas Supreme Court affirmed the trial court's postconviction petitions. The respondent contends the federal habeas corpus petition should have been filed by April 1, 2012. The petition was filed on May 24, 2012. Thus, the respondent urges that the petitioner's failure to act sooner is fatal to the petition. We have previously notified the petitioner that dismissal of the petition due to untimeliness was possible, and invited the petitioner to explain why that should not occur. The petitioner has responded to the Court's invitation. See docket entry no. 12.

Mr. Gonder takes issue with the state's calculations, arguing that the limitations period should not have started until thirty days after the entry of his guilty pleas. Using petitioner's calculations, the limitation period would have started on August 25, 2010, run for approximately 33 days, then paused when the petitioner filed his petition for reduction of sentence on September 27, 2010, then started again on June 2, 2011, when the Arkansas Supreme Court ruled on the Rule 37 appeal. Under this approach, however, the petition was untimely, albeit by only 23 days rather than by roughly 54 days using the respondent's calculations.

Mr. Gonder also claims that the state created impediments preventing him from complying with the timeliness provisions. These impediments, according to Gonder, were not removed until the Arkansas Supreme Court ruled on June 2, 2011. This argument is essentially a claim that the

limitations period should be equitably tolled.  In *Calderon v. United States District Court for Central District of California*, 112 F.3d 386 (9th Cir. 1997), the Ninth Circuit Court of Appeals held that the limitation period may be equitably tolled if "extraordinary circumstances" beyond a prisoner's control render it impossible for him to file a timely petition.  *Id.* at 391.  *See, also, Beery v. Ault*, 312 F.3d 948 (8th Cir. 2002); *Kreutzer v. Bowersox*, 231 F.3d 460 (8th Cir. 2000).

Here, Mr. Gonder points to two circumstances which warrant equitable tolling: one, the trial court refused to construe his motion for reduction of sentence, filed on September 27, 2010, as a Rule 37 petition; and two, the state failed to provide him with counsel to assist in his postconviction proceedings.  While it is true that the trial court did not immediately construe the motion for reduction of sentence as a Rule 37 petition, for calculation purposes it is unclear how this makes a difference[3].  The respondent and petitioner both use September 27, 2010, as the date on which a "properly filed" collateral proceeding was initiated.  28 U.S.C. §2244(2).  Both the respondent and the petitioner exclude the period of time from September 27, 2010, through June 2, 2011, from the limitations period.  Therefore, the failure of the trial court to initially view the petition as one for Rule 37 relief has no effect on the calculation of the running of the limitations period.  As a result, the trial court's behavior is not properly characterized as an impediment, and the calculation of the limitations period is not affected by this allegation.

The petitioner's second claim of an impediment is that the state did not provide him with counsel for his postconviction proceedings after he entered his guilty pleas.  This "impediment" is not such that it warrants equitable tolling.  The petitioner had no right to counsel in his postconviction proceedings.  *Coleman v. Thompson*, 501 U.S. 722 (1991).  Absent such a right, the state cannot be faulted for failing to provide counsel.  We find that neither of the alleged impediments amount to an extraordinary circumstance beyond Mr. Gonder's control rendering it impossible for him to file a timely petition.

---

[3]The Arkansas Supreme Court later construed the motion for reduction of sentence as part of the petitioner's Rule 37 review.

In summary, even accepting the petitioner's view of the calculations, the petition was untimely filed and equitable tolling does not apply.  Therefore, we recommend the petition be dismissed on that basis.

**Procedural Default:**  Out of an abundance of caution, we will address the respondent's additional allegation that the claims are procedurally barred due to the petitioner's failure to adequately raise the claims in a properly filed state postconviction petition, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny.  In particular, the respondent contends that the claims were not properly raised in state court because the petitioner failed to reference a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.  As with the limitations issue, the petitioner has responded to the Court's invitation to address the issue of procedural default.

In *Wainwright v. Sykes, supra*, the United States Supreme Court held that a federal court should not reach the merits of a litigant's habeas corpus allegation if he has procedurally defaulted in raising that claim in state court:  that is, if he was aware of the ground, but failed to pursue it to a final determination.  The exception created by the Supreme Court permits such an allegation to be addressed if the litigant can establish "cause" for his failure to assert the known ground and "prejudice" resulting from that failure.  *See, also, Clark v. Wood*, 823 F.2d l24l, l250-5l (8th Cir. l987); *Messimer v. Lockhart*, 822 F.2d 43, 45 (8th Cir. l987).  The *Wainwright v. Sykes* cause and prejudice test was clarified by two subsequent Supreme Court decisions, *Smith v. Murray*, 477 U.S. 527 (l986), and *Murray v. Carrier*, 477 U.S. 478 (l986).

With respect to cause, these cases explain that the Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." *Smith v. Murray*, 477 U.S. 533-34.  However, one can discern from these cases several circumstances in which cause might be found:  first, where some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules, *see Murray v. Carrier*, 477 U.S. at 488; second, where a constitutional claim is so novel that its legal basis is not reasonably available to

6

counsel, *see Reed v. Ross*, 468 U.S. l (l984); or third, if the litigant failed to receive the effective assistance of counsel. *See Murray v. Carrier*, 477 U.S. at 488. In addition, there is one extraordinary circumstance where a federal habeas court may grant relief without a showing of cause: where a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Id.* at 496.

To determine which of the petitioner's three claims for relief were fully raised[4] in state court, we examine the record. Having entered guilty pleas, a direct appeal was unavailable to Mr. Gonder. The petitioner's postconviction petitions, consisting of his petition to reduce the sentence and his subsequent Rule 37 petition, were ultimately combined and considered as one Rule 37 petition. On appeal, the Arkansas Supreme Court noted that when a defendant pleads guilty, "the only claims cognizable in a proceeding pursuant to Rule 37.1 are those that allege that the plea was not made voluntarily and intelligently or that it was entered without effective assistance of counsel." *Gonder v. State*, 2011 Ark. 248 (2011). The Arkansas Court then proceeded to address the petitioner's claim that his attorney was ineffective for failing to inform the trial court that the murder victim was armed with a gun and petitioner would have received a more lenient sentence had the trial court been so informed. Based on the foregoing, we find that ground two was adequately raised in state court. However, grounds one and three were not advanced to completion in state court.

The petitioner contends he should be excused from failing to raise these claims in state court due to: one, the trial court wrongfully refused to construe the September 27, 2010 petition as a Rule 37 petition; two, petitioner had no attorney to assist him in his Rule 37 proceedings[5]; and three, the

---

[4]"In order for a claim to have been adequately presented to a state court for procedural purposes in a habeas proceeding, the same facts and legal theories in support of the claim must be advanced in both state and federal court." *Gilmore v. Armontrout*, 861 F.2d 1061, 1065 n.8 (8th Cir. 1988). In addition, the petitioner must raise the claim at each step of the state judicial process in state court in order to preserve the claim for federal review. *Id.* at 1065.

[5]The petitioner, though he does not cite *Martinez v. Ryan*, 132 S.Ct. 1309, ___ U.S. ___ (2012), contends that the state should have provided him counsel in his postconviction proceedings. We find no merit in this claim because, as noted by United States District Judge D. P. Marshall Jr., the *Martinez v. Ryan* decision did not change the law announced in *Coleman v. Thompson,* 501 U.S. 722 (1991) (no constitutional right to an attorney in state postconviction

constitutional violations probably resulted in the conviction of an actually innocent person.

      With respect to the first two reasons advanced by the petitioner, we find neither of these are objective factors external to him which prevented him from complying with state procedural requirements. Even if the trial court had construed the motion for reduction of sentence as a Rule 37 petition, the outcome in state court would not have changed since the Arkansas Supreme Court considered the ineffective assistance of counsel claim raised in the motion for reduction of sentence. Therefore, the petitioner was not prejudiced by the trial court's original decision, in September of 2010, to treat the motion for reduction of sentence as the motion was titled by the petitioner.

      The petitioner also claims that he could not present his claims in state court because the state failed to provide him an attorney for his Rule 37 proceedings. As previously noted, the petitioner was not entitled to appointed counsel at this stage of his case, and the burden to proceed in state court fell on Gonder. *Coleman v. Thompson*, 501 U.S. 722 (1991). Since the state had no duty to provide counsel for postconviction proceedings, Mr. Gonder cannot allege a breach of such a duty as the cause for his failure to raise his claims and pursue them fully.

      Mr. Gonder also contends that he is actually innocent of the crime and, as a result, need not show cause and prejudice for failing to raise his claims in state court. We are guided on this issue by the United States Supreme Court:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995). The Court goes on to set the standard required of Mr. Gonder; he "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S. at 327. In this instance, the already high bar

---

proceedings) but recognized a narrow exception. Judge Marshall further noted that the *Martinez* Court declined to resolve "whether a prisoner has a right to effective counsel in collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." *See Kemp v. Hobbs*, 2012 WL 2505229 at 9. Because *Martinez* is not applicable in this case, the controlling precedent is that announced in *Coleman v. Thompson.*

is elevated further because the petitioner entered guilty pleas.  He falls far short of demonstrating his actual innocence[6].

In summary, we find grounds one and three were not raised in state court in a fashion which allowed the Arkansas courts to address these claims.  We further find that the petitioner has not shown cause and prejudice for this failure, and he has not demonstrated his actual innocence.  As a result, we recommend that grounds one and three be dismissed as procedurally barred.

**The Merits of Ground Two – Ineffective Assistance of Counsel:** The respondent contends ground two was not adequately raised in state court due to the petitioner's failure to cloak the claim in constitutional terms rather than simply a state law allegation.  We find the claim was adequately presented in state court and pursued at each level of the judicial process.

The trial court denied the petitioner relief and the Arkansas Supreme Court affirmed the trial court with the following analysis:

> Under the two-pronged *Strickland* test, a petitioner making a claim of ineffective assistance must first show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the U.S. Constitution. *Harrison v. State,* 371 Ark. 474, 268 S.W.3d 324 (2007). In doing so, the claimant must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *State v. Barrett,* 371 Ark. 91, 96, 263 S.W.3d 542, 546.

> As to the second prong of the test, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Jamett,* 2010 Ark. 28, at 3–4, 358 S.W.3d at 876; *Walker v. State,* 367 Ark. 523, 241 S.W.3d 734 (2006) (per curiam). An appellant who has pleaded guilty normally will have considerable difficulty in proving any prejudice as her plea rests upon her admission in open court that she did the act with which she was charged. *Cox v. State,* 299 Ark. 312, 772 S.W.2d 336 (1989). To establish prejudice and prove that he was deprived of a fair trial due to ineffective assistance of counsel, an appellant who has pleaded guilty must demonstrate a reasonable probability that, but for counsel's errors, petitioner would not have so pleaded and would have insisted on going to trial. *Buchheit v. State,* 339 Ark.

---

[6]The emphasis in *Schlup* is on "new reliable evidence."  In this instance, the petitioner has submitted evidence, such as a statement from his pastor and an affidavit from his fiancee.  Such evidence does not amount to new evidence, however, under the *Schlup* analysis.  Instead, the petitioner was well aware of the facts relating to his crime and there is no suggestion that he later discovered some information that differed from what he knew at the time he entered his guilty pleas.

481, 483, 6 S.W.3d 109, 111 (1999) (per curiam) (citing *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).

Appellant argued that his trial counsel was ineffective because the murder victim was armed with a gun, and, according to appellant, had trial counsel informed the trial court of this fact during appellant's guilty plea, appellant would have received a lesser sentence than the one called for in the plea agreement. However, as we explained in *Jamett,* this argument is unavailing because, when a defendant enters a plea of guilty in exchange for a specified term of incarceration, "the sentence imposed [is] part and parcel of the plea agreement itself." 2010 Ark. 28, at 6, 358 S.W.3d at 878.

Under the terms of the plea agreement signed by appellant, if appellant pleaded guilty to the amended charges, "the State [would] recommend" a 552–month sentence and $855 in fines, fees, and costs." We apply general contract principles in interpreting plea agreements. *Jamett,* 2010 Ark. 28, 358 S.W.3d 874 (citing *Green v. State,* 2009 Ark. 113, 313 S.W.3d 521). A subsequent attempt by appellant to alter the terms of the agreement by seeking a lower sentence than the one that he had contracted for would have been a breach of the agreement. *See id.* The appropriate remedy for such a breach would have been for the trial court to vacate the plea agreement and restore the parties to their respective positions prior to the agreement. *See id.* Thus, an attempt to mitigate and reduce the agreed-upon term of years could not have resulted in a lower sentence for appellant; he would have lost his bargained-for sentence entirely and gone to trial on all five original charges, including capital murder, where he potentially could have received a much harsher sentence.

Further, as we have already stated, to establish prejudice and prove that he was deprived of a fair trial due to ineffective assistance of counsel, an appellant who has pleaded guilty must demonstrate a reasonable probability that, but for counsel's errors, petitioner would not have so pleaded and would have insisted on going to trial. *Buchheit,* 339 Ark. at 483, 6 S.W.3d at 111. Appellant did not allege such prejudice; he merely stated that he might have received a lesser sentence if his attorney had informed the court about the victim's weapon, and appellant therefore sought to have "a reduction in sentence or in the alternative have the sentences run concurrent." Moreover, any claim of prejudice based on the severity of the sentence is an issue for a plea for executive clemency and is unavailing in a Rule 37.1 petition. *Jamett,* 2010 Ark. 28, at 7 n. 4, 358 S.W.3d at 878 n. 4 (citing *Pettit v. State,* 296 Ark. 423, 758 S.W.2d 1 (1988)).

We note that the trial court's order did not enter findings of fact or law as required by Rule 37.3. However, this court has affirmed the denial of a Rule 37.1 petition notwithstanding the circuit judge's failure to make written findings under Rule 37.3 where it can be determined from the record that the petition is wholly without merit or where the allegations in the petition are such that it is conclusive on the face of the petition that no relief is warranted. *See Davenport v. State,* 2011 Ark. 105 (per curiam) (citing *Reed v. State,* 375 Ark. 277, 289 S.W.3d 921 (2008)). Here, appellant cannot establish that trial counsel had a duty to present evidence of the victim's weapon to the court in the hopes of obtaining a lower sentence or that the failure to present this evidence prejudiced appellant, and it is therefore clear that no relief is warranted. As such, appellant could not prevail if his appeal of the October 4, 2010 order were allowed to proceed.[FN1]

As noted, after the trial court denied relief on appellant's first petition, appellant filed a petition for postconviction relief under Rule 37.1, asserting the

same ineffective assistance of counsel argument that he had included in his first petition, which the trial court denied as meritless in its November 23, 2010 order. However, Rule 37.2(b) provides that all grounds for relief available to a petitioner under the rule must be raised in his or her original petition unless the original petition was denied without prejudice to filing a second petition. As the first petition filed by appellant was a petition for postconviction relief under Rule 37.1, regardless of the label he placed on it, he was barred from submitting a subsequent petition under that Rule, and his subsequent petition was subject to dismissal on that basis. *See Omar v. State,* 2011 Ark. 55 (per curiam) (citing *Carter v. State,* 2010 Ark. 349 (per curiam)); *see also Halfacre v. State,* 2010 Ark. 377 (per curiam). Accordingly, it is clear that appellant could not prevail on his appeal from the November 23, 2010 order.

*Gonder v. State*, 2011 Ark. 248, 4-8, 2011 WL 2155168, 2.

When the state court has ruled on the merits of a petitioner's claims, a writ of habeas corpus may not be granted unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court." 28 U.S.C. § 2254(d)(1), (2). The United States Supreme Court offers guidance in interpreting the statute:

> A state court decision will be "contrary to" our clearly established precedent if the state court either "applies a rule that contradicts the governing law set forth in our cases," or "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." A state court decision will be an "unreasonable application of" our clearly established precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."
>      . . . Distinguishing between an unreasonable and an incorrect application of federal law, we clarified that even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable.

*Penry v. Johnson*, 532 U.S. 782, 792-93 (citations omitted).

In this instance, the Arkansas Supreme Court cited and applied the clearly established case of *Strickland v. Washington*, 466 U.S. 688 (1983). *Strickland* requires a petitioner to demonstrate that his attorney acted unreasonably and that the petitioner was prejudiced by his attorney's behavior. We find that the Arkansas Supreme Court correctly applied the governing legal rule of *Strickland* in finding that the petitioner did not allege and could not show prejudice

stemming from the alleged omissions by his attorney[7].  Therefore, the second ground for relief of Mr. Gonder is without merit.

**Grounds One and Three:** Even though we have previously recommended that the petition be dismissed as time-barred and recommended that grounds one and three be alternatively dismissed as procedurally defaulted, we note that these two grounds, if properly presented to the Court, are without merit.  Mr. Gonder entered guilty pleas in state court, and now seeks to raise claims which appear to relate to alleged errors occurring prior to the entry of the pleas.  However,

> [a] guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  In this case, petitioner entered pleas of guilty. As set out above, a plea of guilty waives all nonjurisdictional defects.  *See also Thundershield v. Solem*, 565 F.2d 1018, 1026 (8th Cir. 1977).  The petitioner is barred from challenging the claims of error prior to the entry of the guilty plea.

**Conclusion:** We recommend dismissal of the petition for writ of habeas corpus as time-barred.  In the alternative, we recommend dismissal of grounds one and three as procedurally barred.  In the alternative, we recommend dismissal on the merits of the claims.  As a result, we recommend that the petition for writ of habeas corpus be dismissed and the relief requested be denied.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §

---

[7]The petitioner faults his attorney for failing to mention the gun and circumstances which Gonder claims would have suggested self-defense.  These facts were known to Gonder as well as his attorney.

2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this  30   day of November, 2012.

_____
UNITED STATES MAGISTRATE JUDGE