## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**DUANE J. GONDER**
**ADC #147996**                                                            **PETITIONER**

v.                                        **No. 5:12-cv-186-DPM**

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction**                          **RESPONDENT**

### ORDER

**1.** Motion to withdraw, *Doc. 88*, denied as moot.   The Court already ruled on the underlying motion.   *Doc. 85*.

**2.** Motions for new trial, for an evidentiary hearing, and for judicial notice,  *Doc. 86, 92 & 93*, denied.   Gonder argues that he was prejudiced because his *habeas* lawyer failed to amend the petition during the suspension period.   But Gonder's original *habeas* petition— filed before the suspension—was untimely.   Filing an amended petition six months later would not have changed that fact.   The Court stands by its 20 November 2020 Order, *Doc. 82*.

**3.** Motion for a certificate of appealability, *Doc. 89*, granted.   It's not clear to the Court that Gonder has "made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   But there is an unusual circumstance here:   This Court's internal processes failed when Gonder's *habeas* lawyer was suspended by the Arkansas Supreme

Court but continued to represent Gonder in this Court.   Gonder alleges that this failure violated the Constitution.   The Court has therefore had to pass on whether its own inaction violated Gonder's rights.   In the circumstances, the Court grants a certificate of appealability on the issue of whether Gonder is entitled to Rule 60 relief based on his *habeas* lawyer's representing him during the suspension. *Doc. 79 at 3 & Doc. 82 at 3–4.*

So Ordered.

*WPMarshall Jr.*

D.P. Marshall Jr.
United States District Judge

22 December 2020